**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARILYN HERNANDEZ,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-3751** |
| **L'OREAL USA S/D, INC.,** | * | |
| **Defendant.** | * | |

**MEMORANDUM AND ORDER**

Marilyn Hernandez filed this putative class action in the Circuit Court of Maryland for Charles County. *See* ECF 4. Hernandez alleges that L'Oreal USA S/D, Inc. ("L'Oreal") has sent her and others deceptive emails in violation of Maryland's Commercial Electronic Mail Act ("MCEMA"), which prohibits "the dissemination of false or misleading information" over commercial email. *See Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 878 A.2d 567, 576 (Md. 2005). Hernandez alleges that L'Oreal sent her and other putative class members emails with a subject line that advertised a "free gift," but the body of the email stated the gift was contingent upon a minimum purchase. Hernandez claims that these emails were false and misleading. Hernandez seeks statutory damages in the amount of $500 per violation, plus attorneys' fees and interest. *See* ECF 22, at 17.

L'Oreal removed the case from state court. L'Oreal asserts that this Court has jurisdiction over the complaint under the Class Action Fairness Act of 2005 ("CAFA") because the putative class action satisfies CAFA's requirements of minimal diversity, at least 100 class members, and an amount-in-controversy of greater than $5,000,000 dollars. ECF 1; *see generally Dominion Energy, Inc. v. City of Warren Police & Ret. Sys.*, 928 F.3d 325, 329–30 (4th Cir. 2019).

Hernandez has moved to remand the case back to state court. ECF 38. L'Oreal opposes the motion. ECF 41. Hernandez replied. ECF 42. The State of Maryland, with the Court's permission, has filed an amicus brief. ECF 30. L'Oreal also has filed a motion to change venue or, alternatively, to dismiss, ECF 25, which the parties have fully briefed, *see* ECF 29, 37. No hearing is required on either motion. *See* Loc. R. 105.6 (D. Md. 2025).

Hernandez moves to remand this case because she alleges only a statutory violation and does not allege a concrete harm resulting from the statutory violation, as required to establish Article III standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("[A]n injury in law is not an injury in fact."). Thus, Hernandez argues she does not have standing to assert her claims in federal court. The Court agrees.

A federal court may not exercise its jurisdiction over a case where the plaintiff does not have standing. *See John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 78 F.4th 622, 628 (4th Cir. 2023) ("[S]tanding is jurisdictional . . . ."). If a federal court determines that the plaintiff in a case that has been removed from the state court lacks standing, the federal court must remand the case to the state court for lack of jurisdiction. *See* 28 U.S.C. § 1447(c); *Wells v. Johnson*, 150 F.4th 289, 297 (4th Cir. 2025) ("[W]hen a federal district court lacks jurisdiction in a case removed from state court, it cannot dismiss. It must instead remand the case to state court.").

Article III of the Constitution endows federal courts with "[t]he judicial Power of the United States." Art. III, § 1. "Although the Constitution does not fully explain what is meant by 'the judicial Power of the United States,' it does specify that this power extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citation modified). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id.* at 338. "For a case or controversy to exist, the plaintiff must have a personal stake in the case—in

other words, standing." *Penegar v. Liberty Mut. Ins.*, 115 F.4th 294, 299 (4th Cir. 2024) (citation modified).

"A plaintiff has standing if [s]he shows: (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citation modified). Hernandez argues that she lacks Article III standing because she has alleged only a "bare procedural violation," which is not a concrete injury in fact. *See Spokeo*, 578 U.S. at 341.

"For standing purposes . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of [] law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of [] law." *TransUnion*, 594 U.S. at 426–27; *see also O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023) ("The intangible harm of enduring a statutory violation, standing alone, typically won't suffice under Article III—unless there's separate harm (or a materially increased risk of another harm) associated with the violation."). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427.

Here, Hernandez merely alleges that she and other putative class members received false and misleading emails from L'Oreal whose subject line advertised a "free gift" but whose body stated the gift was contingent upon making a minimum purchase. *See* ECF 22, ¶ 3. Hernandez does not allege that she was concretely harmed by the statutory violation, such as by suffering a "reputational harm[], disclosure of private information," "intrusion upon seclusion," or any other "harms traditionally recognized as providing a basis for lawsuits in American courts." *See TransUnion*, 594 U.S. at 425.

This Court joins the chorus of other courts in this district that have remanded an MCEMA action to state court after finding that a mere receipt of emails with false or misleading subject lines is not injury in fact. *See Mulanena v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. JRR-25-3753, 2026 WL 1214932, at *1 (D. Md. May 4, 2026) (finding no Article III standing to bring suit for statutory violation of MCEMA where plaintiff received "emails with subject lines advertising that a 'free gift' [wa]s available" but gift was not actually free and remanding case); *Crooks v. Coty DTC Holdings, LLC*, No. RDB-26-0078, 2026 WL 1265422, at *4 (D. Md. May 8, 2026) (explaining that "a plaintiff does not have an Article III injury in fact when she claims that a company violated the MCEMA by sending emails with subject lines claiming to offer 'free gifts'" and remanding case); *Carter v. Vineyard Vines, LLC*, No. ELH-25-3178, 2026 WL 1429258, at *26 (D. Md. May 21, 2026) (concluding that the "mere receipt of emails with misleading or false subject lines does not, by itself, constitute a concrete injury sufficient to confer Article III standing" to pursue MCEMA claim in federal court and remanding case);[1] *Asabre v. Retail Servs. & Sys., Inc.*, No. PWG-22-148, 2022 WL 4326536, at *2 (D. Md. Sept. 19, 2022) (holding that plaintiff challenging receipt of "commercial emails with misleading subject headings" under MCEMA "allege[d] only a statutory violation" and so did not have Article III standing, and remanding case); *Latouche v. True Religion Apparel, Inc.*, No. RDB-26-914, 2026 WL 2221402 (D. Md. Aug. 3, 2026) (holding that plaintiff seeking statutory damages under MCEMA for receiving emails with false and misleading subject lines had not alleged a concrete injury and remanding case); *Volk v. Jill Acquisition LLC*, No. JKB-25-3752, ECF No. 27 (D. Md. June 11, 2026) (same); *Smith v. Lane Bryant Brands Opco LLC*, No. SAG-25-03766, 2026 WL 1745684 (D. Md. June 17, 2026) (same); *Cowan v. Williams-Sonoma Stores, Inc.*, No. RDB-26-3073, 2026 WL 2945164 (D. Md. Oct. 1,

[1] The facts in *Carter*, *Crooks*, and *Mulanena* are virtually identical to the facts here.

2026) (same); *Cowan v. Sharkninja Operating LLC*, No. JKB-26-3092, 2026 WL 3001421 (D. Md. Oct. 6, 2026) (same).[2]

In the alternative, L'Oreal urges this Court to find that Hernandez's MCEMA claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") or unconstitutional under the Dormant Commerce Clause. By referencing CAN-SPAM, a federal statute, and the Constitution as potential defenses to Hernandez's claims, L'Oreal appears to be arguing that the Court has federal question jurisdiction. If that was L'Oreal's intent, the argument fails. It is "well-settled law . . . that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005). The possibility that Hernandez's claims may be preempted by a federal statute or may be unconstitutional is not a basis for removal. *See Crooks*, 2026 WL 1265422, at *5; *Mulanena*, 2026 WL 1214932, at *7.

Because Hernandez has no standing to assert her MCEMA claims in federal court and because "standing is jurisdictional," *see John & Jane*, 78 F.4th at 628, the Court must remand the case for lack of jurisdiction. *See Wells*, 150 F.4th at 308.

Accordingly, it is this 15th day of October, 2026, by the U.S. District Court for the District of Maryland, hereby ORDERED that:

1. The motion to remand, ECF 38, is GRANTED;
2. The motion to change venue or, alternatively, to dismiss, ECF 25, is DENIED

[2] L'Oreal has identified what appears to be an outlier case. Earlier this year, another court in this district granted the defendant's motion to dismiss an MCEMA claim based on allegations similar to Hernandez's. *See Scott v. Bloomingdale's, LLC*, No. GLR-25-3661, 2026 WL 820600 (D. Md. Mar. 25, 2026). The plaintiff in that case was not seeking remand, and the *Scott* court dismissed the case without addressing standing or evaluating the court's jurisdiction to resolve that motion to dismiss. Accordingly, that case is not persuasive to this Court.

as moot;

3. The case shall be REMANDED to the Circuit Court of Maryland for Charles County (No. C-08-CV-25-000940);
4. The Clerk shall CLOSE this case; and
5. The Clerk shall SEND a copy of this Order to the parties' respective counsel and the Clerk of the Circuit Court of Maryland for Charles County.

Deborah L. Boardman
United States District Judge